FUJIWARA AND ROSENBAUM, LLLC

ELIZABETH JUBIN FUJIWARA 3558
JOSEPH T. ROSENBAUM 9205
1100 Alakea St., 20th Fl., Ste B
Honolulu, Hawaii 96813
Telephone: (808) 203-5436

Attorneys for Plaintiff
BENJAMIN BISHOP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| | 16-00248-JMS-KSC |
| BENJAMIN BISHOP, individually, | ) CIVIL NO.  ~~16-00242~~ |
| | ) (Federal Tort Claims Act) |
| Plaintiff, | ) |
| | ) COMPLAINT; SUMMONS |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; | ) |
| JOHN DOES 1-10, JANE DOES 1-10; | ) |
| DOE CORPORATIONS 1-10; DOE | ) |
| PARTNERSHIPS 1-10; and | ) |
| DOE UNINCORPORATED | ) |
| ORGANIZATIONS 1-10; and DOE | ) |
| GOVERNMENTAL AGENCIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

COMES NOW Plaintiff BENJAMIN BISHOP (hereinafter referred to as "Mr. Bishop"), by and through his attorneys, ELIZABETH JUBIN FUJIWARA and JOSEPH T. ROSENBAUM at FUJIWARA AND ROSENBAUM, LLLC, alleges and claims against Defendants above-named as follows:

## NATURE OF ACTION

1.      This Complaint is filed pursuant to the provisions of the Federal Tort Claims Act against the UNITED STATES OF AMERICA for injuries and damages sustained by Mr. Bishop as a result of the negligence.

## JURISDICTION AND VENUE

2.      This action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b), 2671, *et seq*. Mr. Bishop was a citizen of the State of Hawaii at the time of the Defendant's negligence. Mr. Bishop resided within the City & County of Hawaii, State of Hawaii, and within the jurisdiction and venue of the United States District Court for the District of Hawaii during the relevant time period. Venue is proper in this district as a substantial part of the events or omissions on which the claim is based occurred in this district, 28 U.S.C. § 1391(b)(2).

## PARTIES

3.      Mr. Bishop, at all time relevant herein, is a resident of the County of Honolulu, State of Hawaii.

4.      Defendant UNITED STATES OF AMERICA is at all times responsible for the actions of its employees and agents and should be named pursuant to and under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671, *et seq*. Defendant UNITED STATES OF AMERICA is sued in its official capacity.

6.      Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ENTITIES 1-10, are identified by fictitious names herein because their true names and identities are currently unknown to Mr. Bishop after his diligent and good faith investigation, including reviewing reports, memoranda, and Mr. Bishop 's memory. Such unidentified Defendants have an interest in this action in that they caused and/or contributed to the damages complained of, and/or they caused and/or contributed to the conduct of the other Defendants herein which conduct caused and/or contributed to the damages complained of, which activities were a proximate cause of said injuries to Plaintiff CORDEIRO.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2871, *et seq.*, Mr. Bishop filed claims for personal injury against the United States of America within the statutory period as required by law on

September 16, 2015. The United States of America acknowledged receipt of the

Federal Tort Claims Act claim on October 1, 2015.

8.     On January 20, 2016, Mr. Bishop received a response from the

United States of America that Mr. Bishop's administrative claim was being denied.

Therefore, this suit is timely filed within six (6) month's of the denial of Mr.

Bishop's administrative claim, pursuant to the provisions of the Federal Tort

Claims Act, 28 U.S.C. § 2871, *et seq*.

9.     Mr. Bishop has exhausted all administrative procedures and the

Complaint is timely filed.

## FACTS

10.     The Plaintiff hereby incorporate by reference the allegations

contained in paragraphs 1 through 9, above, as if fully forth herein.

11.     On October 12, 2014, Mr. Benjamin Bishop was an inmate at

the Honolulu Federal Detention Center.

12.     That evening a new prisoner, very stocky and strong 29-year-

old man, Michael Tanouye, was brought into Mr. Bishop's cell and Mr. Bishop was

told to watch this prisoner as the prisoner was on suicide watch.

13.     Unbeknownst to Mr. Bishop the new prisoner was having

serious mental problems and had attempted to rape a woman on an airplane flight

to Japan.

14.     In fact, the Japan Airlines flight had to return to Honolulu after Mr. Tanouye had sexually assaulted a female passenger in the airplane's bathroom.

15.     FBI agents arrested Michael Tanouye for interfering with a flight crew and aggravated sexual assault aboard an aircraft.

16.     According to news reports, the flight was en route to Kansai International Airport when Tanouye forced his way into a bathroom and sexually assaulted a woman, according to an FBI affidavit.

17.     The woman, who was returning home to Japan with her mother after a four-day vacation in Hawaii, went to use the restroom about an hour and 45 minutes after takeoff. Tanouye forced his way inside, grabbed her by the shoulders and began to forcefully pull down her pants and underwear.

18.     Tanouye also began to take down his pants and underwear, exposing his penis, the FBI affidavit said.

19.     While struggling with Tanouye the woman was able to push the bathroom's emergency button.

20.     The woman's mother, the flight attendants and other passengers tried to open the lavatory door but were unable to do so because Tanouye was blocking the door, FBI Special Agent Necosie Wilson wrote in the affidavit.

21.     They had to open the door by removing screws from its hinges.

22.     Flight attendants and passengers told the FBI that a male passenger was injured while struggling to subdue Tanouye.

23.     Prior to the incident, Tanouye was heard shouting something incomprehensible and his mother told a flight attendant that he suffers from depression and is on medication.

24.     He stood up to walk around and appeared calm, telling flight attendants he was going to visit his grandmother.

25.     After the incident, Tanouye's mother gave him a dose of his medicine and he fell asleep.

26.     The captain of the plane decided to turn around two hours after takeoff, after hearing it took three passengers to keep Tanouye calm.

27.     Hawaii sheriff deputies took Tanouye off the plane when it landed in Honolulu and FBI agents arrested him and brought him to the Honolulu Federal Detention Center, where he was held pending arraignment.

28.     It is clear that both the sheriff's department and FBI were on notice that Mr. Tanouye was seriously dangerous and deranged.

29.     He should have never been placed in a cell with any other person.

30.     On the morning of Monday October 13, 2014, Mr. Bishop awoke as normal to find himself in his cell with Mr. Tanouye sleeping.

31.     Soon thereafter as Mr. Bishop was looking out the cell window, Mr. Tanouye, a man much heavier than Mr. Bishop, awoke, threw Mr. Bishop to the ground and began to viciously beat Mr. Bishop about the head.

32.     Mr. Bishop struggled to get to the panic button in the cell, but could not reach it because of Mr. Tanouye's strength and aggression.

33.     Mr. Tanouye, after beating Mr. Bishop for some time, told Mr. Bishop he would stop beating him if Mr. Bishop would not touch the panic button.

34.     Mr. Bishop agreed and Mr. Tanouye eventually stopped beating Mr. Bishop.

35.     After this incident Mr. Bishop asked Mr. Tanouye why he beat him and Mr. Tanouye responded that he thought Mr. Bishop was the devil.

36.     The correction officer who removed Mr. Bishop from his cell was CO Naeola assisted by CO Hahn.

37.     Mr. Bishop was taken to CO Lapastora the senior SHU CO that morning.

38.     Mr. Bishop then waited for Lt. Grey who interviewed and took photos of Mr. Bishop's wounds.

39.     There was a Chinese-Amercian medic who tended to cleaning and bandaging, but Mr. Bishop is unaware of her name.

40.     Two CO's who escorted Mr. Bishop to Queens Medical Center in Honolulu were CO Smith and CO Awana.

41.     At the Queens Medical Center emergency room Dr. Jackie Kinds inspected Br. Bishop's wounds, ordered a CT scan for head/face.

42.     Mr. Bishop was prepped for suchers by Dr. Randall Zain.

43.     Back at the Honolulu Federal Detention Center Mr. Bishop heard that it was Lt. White who originally decided to put Mr. Tanouye in the cell with Mr. Bishop.

44.     Mr. Bishop returned to the Honolulu Federal Detention Center to stay in cell #133 as his previous cell #132 was sealed with yellow crime tape.

45.     On the morning of Monday, October 13, 2014, Mr. Bishop spoke with Senior CO Salvatore who knew Mr. Bishop well regarding the incident.

46.     On the morning of Tuesday, October 14, 2014, Captain Reiser went to see Mr. Bishop and informed him he would be leaving soon from the Honolulu Federal Detention Center.

47.     Also on the same day, Mr. Bishop was interviewed by Public Health Service Practical Nurse LCDR Pierce who cautioned Mr. Bishop about emotional responses from the incident and explained that she would remove his suchers in about a week.

48.     LCDR Pierce also explained to Mr. Bishop that she had to sign his release as the Sr. Medical Officer at FDC.

49.     While waiting in the SHU med office a Public Health Service Psychiatrist LCDR Cua interviewed Mr. Bishop.

50.     The LCDR Cua explained that the assailant, Mr. Tanouye was a paranoid schizophrenic.

51.     Being that the personnel at the Honolulu Federal Detention Center knew or should have known that Mr. Tanouye was suicidal, had been on psychiatric medication and had violently tried to rape a woman on a flight to Japan, Mr. Tanouye should have never been put into a cell with Mr. Bishop.

52.     Mr. Bishop suffered multiple contusions, his left eye was completely swollen shut, he experienced numbness to the left side of his face, multiple lacerations and bruising to his face.

53.     The negligence of the personnel at the Honolulu Federal Detention Center resulted in Mr. Bishops injuries and pain and suffering.

54.     Mr. Bishop requests compensation for his injuries, pain and suffering and emotional distress.

55.     Mr. Bishop is currently a prisoner residing at the Federal Low Security Correctional Institution in Allenwood, Pennsylvania.

**COUNT I**

## NEGLIGENCE

56.     Mr. Bishop realleges and reincorporates herein by reference paragraphs 1 through 55 above as if the same were set forth in their entirety.

57.     That at all times relevant hereto, Defendant UNITED STATES OF AMERICA, had a duty of care to Mr. Bishop as a prisoner to avoid causing him injury.

58.     Defendant UNITED STATES OF AMERICA breached its duty of care to Mr. Bishop through the actions/inactions.

59.     Defendant UNITED STATES OF AMERICA's actions toward Mr. Bishop as described herein caused Mr. Bishop physical pain and  injury, past and future medical treatment and costs and Mr. Bishop suffered, and continues to suffer, serious mental and emotional distress.

60.     Defendant UNITED STATES OF AMERICA'S actions and failures to act, negligently breached the UNITED STATES OF AMERICA's duties to Mr. Bishop.

61.      Defendant UNITED STATES OF AMERICA's actions were the direct and proximate cause of Mr. Bishop's injuries.

62.     By reason of, *inter alia*, the negligence and premises liability, Mr. Bishop is entitled to general and special damages in an amount which meets the minimal jurisdictional limits of this Court.

WHEREFORE, Mr. Bishop prays for judgment against Defendants as follows:

A.     That this Court award Mr. Bishop all general, compensatory and consequential damages proximately caused by Defendant's conduct in violation of Mr. Bishop's statutory and/or common law rights, including, but not limited to, general and special damages for negligence;

B.     Enforcement by the Court as to require them to be liable to Mr. Bishop for any and all damages and relief to which the Court deems Mr. Bishop to be entitled.

C.     That this Court award Mr. Bishop reasonable attorney's fees and costs of suit herein as provided by statute or otherwise as well as prejudgment and post-judgment interest;

D.     That this Court retain jurisdiction over this action until the Defendants have fully complied with the order of this Court and that this Court require the Defendants to file such reports as may be necessary to secure compliance;

E.     That this Court award Plaintiff(s) such other and further relief both legal and equitable as this Court deems just, necessary and proper under the circumstances.

DATED:  Honolulu, Hawaii, May 19, 2016

-11-

/s/ Joseph T. Rosenbaum
ELIZABETH JUBIN FUJIWARA
JOSEPH T. ROSENBAUM
Attorneys for Plaintiff
BENJAMIN BISHOP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN BISHOP, individually, | ) CIVIL NO. |
| | ) |
| Plaintiff, | ) |
| | ) SUMMONS |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; | ) |
| JOHN DOES 1-10, JANE DOES 1-10; | ) |
| DOE CORPORATIONS 1-10; DOE | ) |
| PARTNERSHIPS 1-10; and | ) |
| DOE UNINCORPORATED | ) |
| ORGANIZATIONS 1-10; and DOE | ) |
| GOVERNMENTAL AGENCIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## SUMMONS

STATE OF HAWAII:

To the above-named Defendants:

You are hereby summoned and required to serve upon Fujiwara and

Rosenbaum, LLLC, Plaintiff CHRISTOPHER CORDEIRO's attorneys, whose

address is 1100 Alakea St., 2oth Fl., Ste B, Honolulu, Hawaii 96813, an answer to

the Complaint herewith served upon you, within twenty-one (21) days after service

of this summons upon you or sixty (60) days if you are the United States or a

United States Agency, or an officer or employee of the United States described in

Fed. R. Civ. P. 12 (a)(2) or (3), exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:     Honolulu, Hawaii, _____, 2016


_____
CLERK OF THE ABOVE-ENTITLED
COURT