IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN BISHOP,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Civ. No. 16-00248 JMS-KSC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT, WITH LEAVE TO AMEND |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT, WITH LEAVE TO AMEND**

**I. INTRODUCTION**

Defendant United States of America ("Defendant" or the "government") moves to dismiss and/or for summary judgment in this suit for negligence brought by Plaintiff Benjamin Bishop ("Plaintiff" or "Bishop") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA"). ECF No. 10. The government argues that (1) Plaintiff's claims are barred under 28 U.S.C. § 2680(a), the discretionary function exception to the FTCA; and (2) Plaintiff cannot otherwise demonstrate that the government breached a duty of care owed to Plaintiff. The court heard the Motion on September 26, 2016. Based on the following, the Motion is GRANTED. The dismissal, however, is with leave

to amend.[1]  By November 21, 2016, Plaintiff may file an amended complaint that properly pleads subject matter jurisdiction.  Defendant may answer or otherwise respond by December 12, 2016.

## II.  BACKGROUND

Plaintiff's May 19, 2016 Complaint alleges the following relevant facts, which the court assumes as true for present purposes only.  *See, e.g.*, *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014) (reiterating in a case raising the discretionary function exemption that courts "generally accept as true the factual allegations of Plaintiffs' complaint").

On October 12, 2014, Plaintiff was an inmate at the Honolulu Federal Detention Center.  ECF No. 1, Compl. ¶ 11.  "That evening[,] a new prisoner, [a] very stocky and strong 29-year old man, Michael Tanouye, was brought into Mr. Bishop's cell and Mr. Bishop was told to watch this prisoner as the prisoner was on suicide watch."  *Id*. ¶ 12.  "Unbeknowst to Mr. Bishop[,] [Tanouye] was having serious mental problems and had attempted to rape a woman on an airplane flight to Japan."  *Id*. ¶ 13.  "FBI agents [had] arrested Michael Tanouye for interfering with a flight crew and aggravated sexual assault aboard an aircraft."  *Id*. ¶ 15.

---

[1] Because the Complaint is dismissed with leave to amend, the court need not reach the alternative relief sought, that is, whether Defendant is entitled to summary judgment or whether Plaintiff should be given a continuance under Federal Rule of Civil Procedure 56(d) to conduct specific discovery into the government's knowledge.

"Flight attendants and passengers told the FBI that a male passenger was injured while struggling to subdue Tanouye." *Id.* ¶ 22. "Prior to the incident, Tanouye was heard shouting something incomprehensible and his mother told a flight attendant that he suffers from depression and is on medication." *Id.* ¶ 23. After the incident, Tanouye's mother gave him a dose of his medicine and he fell asleep. *Id.* ¶ 25.

"The captain of the plane decided to turn around two hours after takeoff, after hearing it took three passengers to keep Tanouye calm." *Id.* ¶ 26. "Hawaii sheriff deputies took Tanouye off the plane when it landed in Honolulu and FBI agents arrested him and brought him to the Honolulu Federal Detention Center, where he was held pending arraignment." *Id.* ¶ 27. "It is clear that both the sheriff's department and FBI were on notice that Mr. Tanouye was seriously dangerous and deranged." *Id.* ¶ 28. "He should have never been placed in a cell with any other person." *Id.* ¶ 29. A Public Health Service psychiatrist later explained to Bishop that Tanouye "was a paranoid schizophrenic." *Id.* ¶ 50.

"On the morning of Monday[,] October 13, 2014, Mr. Bishop awoke as normal to find himself in his cell with Mr. Tanouye sleeping." *Id.* ¶ 30. "Soon thereafter . . . Mr. Tanouye, a man much heavier than Mr. Bishop, awoke, threw Mr. Bishop to the ground and began to viciously beat Mr. Bishop about the head."

*Id.* ¶ 31. "Mr. Bishop struggled to get to the panic button in the cell, but could not reach it because of Mr. Tanouye's strength and aggression." *Id.* ¶ 32. "Mr. Tanouye, after beating Mr. Bishop for some time, told Mr. Bishop he would stop beating him if Mr. Bishop would not touch the panic button." *Id.* ¶ 33. "Mr. Bishop agreed and Mr. Tanouye eventually stopped beating Mr. Bishop." *Id.* ¶ 34. "After this incident Mr. Bishop asked Mr. Tanouye why he beat him and Mr. Tanouye responded that he thought Mr. Bishop was the devil." *Id.* ¶ 35. Bishop was taken to the Queen's Medical Center, where he was treated for his injuries. *Id.* ¶¶ 40-41. "Mr. Bishop suffered multiple contusions, his left eye was completely swollen shut, he experienced numbness to the left side of his face, multiple lacerations and bruising to his face." *Id.* ¶ 52.

"Being that the personnel at the Honolulu Federal Detention Center knew or should have known that Mr. Tanouye was suicidal, had been on psychiatric medication and had violently tried to rape a woman on a flight to Japan, Mr. Tanouye should have never been put into a cell with Mr. Bishop." *Id.* ¶ 51. The Complaint concludes that "[t]he negligence of the personnel at the Honolulu Federal Detention Center resulted in Mr. Bishop[']s injuries and pain and suffering." *Id.* ¶ 53.

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case."  *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a facial attack, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction.  When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of

material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996). In such a facial attack on jurisdiction, the court limits its analysis to the allegations of, and the documents attached to, the complaint. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage*, 343 F.3d at 1039 n.2). "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* (citing *White*, 227 F.3d at 1242). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2.

///

///

## IV.  DISCUSSION

A.  **The Discretionary Function Exception Analytical Framework**

The FTCA waives sovereign immunity of the United States, and permits tort suits for damages against the government "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. It grants district courts jurisdiction over civil actions for money damages for negligent or wrongful acts or omissions of government employees acting in the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1).

FTCA liability, however, is limited by exceptions set forth in § 2680. At issue here is the "discretionary function exception," which provides in pertinent part:

> The provisions of this chapter and section 1346(b) of this title shall not apply to--
>
> (a)  Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

*Id.* § 2680.

"[T]he purpose of the exception is to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort[.]'" *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quoting *United States v. S.A. Empresa de Vaiacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)). The government has the burden of proving the discretionary function exception. *Meyers v. United States*, 652 F.3d 1021, 1028 (9th Cir. 2011) (citing *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002)). "Whether a challenged action falls within the discretionary function exception requires a particularized analysis of the specific agency action challenged." *GATX/Airlog Co.*, 286 F.3d at 1174.

A two-part test applies to determine if the discretionary function exception bars an FTCA claim. "First, for the exception to apply, the challenged conduct must be discretionary -- that is, it must involve an element of judgment or choice." *Id.* at 1173. "This inquiry looks at the 'nature of the conduct, rather than the status of the actor' and the discretionary element is not met where 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'" *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir.

2008) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). If a "mandatory directive" is violated, this first requirement is not met -- the exception does not apply -- because "'the employee has no rightful option but to adhere to the directive.'" *GATX/Airlog Co.*, 286 F.3d at 1173-74 (quoting *Berkovitz*, 486 U.S. at 536). That is, "[i]f the employee violates [a] mandatory regulation, there will be no shelter from liability because there is no room for choice and the action will be contrary to policy." *Gaubert*, 499 U.S. at 324. "As the circuits have concluded, the reason for this rule is obvious -- a federal employee cannot be operating within his discretion if he is in fact violating a nondiscretionary policy." *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010).

Second, if discretion is exercised, the court "determine[s] whether [the exercise of] judgment is of the kind that the discretionary function exception was designed to shield." *GATX/Airlog Co.*, 286 F.3d at 1174 (quoting *Berkovitz*, 486 U.S. at 536). "Only those exercises of judgment which involve considerations of social, economic, and political policy are excepted from the FTCA by the discretionary function doctrine." *Sigman v. United States*, 217 F.3d 785, 793 (9th Cir. 2000) (citing *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). "The focus is on 'the nature of the actions taken and on whether they are susceptible to policy analysis.'" *GATX/Airlog Co.*, 286 F.3d at 1174 (quoting *Gaubert*, 499 U.S.

at 325). "The decision 'need not *actually* be grounded in policy considerations' so long as it is, 'by its nature, susceptible to a policy analysis.'" *Id.* (quoting *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000) (additional citation and quotation marks omitted)). "When a statute, regulation or agency guideline allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Weissich v. United States*, 4 F.3d 810, 814 (9th Cir. 1993) (citing *Gaubert*, 499 U.S. at 329). "Even if the decision is an abuse of the discretion granted, the exception will apply." *Terbrush*, 516 F.3d at 1129.

### B. The Complaint is Facially Deficient

The government argues that Bureau of Prisons ("BOP") decisions regarding housing of inmates are discretionary. It contends that there are no statutes, regulations or policies that mandate how the BOP is to assign individual inmates to any particular cell. "Rather, that decision requires the BOP to balance many factors, including space available, staffing resources, and above all, the safety and security of the institution." ECF No. 10-1 at 7, Def.'s Mem. at 3.

Because the ultimate decision as to Tanouye's placement (even if negligent) is discretionary, it is protected from FTCA liability under the discretionary function exception. *Compare Santana-Rosa v. United States*, 335

F.3d 39, 44 (1st Cir. 2003) (concluding that decisions about classifying inmates or assigning them to a particular unit or institution fall within discretionary-function exception), *and Rich v. United States*, 811 F.3d 140, 145-46 (4th Cir. 2015) (holding that "[p]rison officials are afforded discretion in determining where to place inmates and whether to keep certain individuals . . . separated from one another") (agreeing with reasoning from other circuits), *and Brown v. United States*, 569 F. Supp. 2d 596, 600 (W.D. Va. 2008) ("[A] prison official's decision regarding whether to place an inmate in the general population falls within the discretionary function exception."), *and Ursy v. United States*, 2013 WL 1196650, at *7 (N.D. W. Va. Mar. 25, 2013) ("[S]o long as BOP personnel followed guidelines in classifying inmates and placing them in certain institutions, the ultimate decision regarding an inmate's placement was discretionary.") (citing *Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998)), *with Keller v. United States*, 771 F.3d 1021, 1024 (7th Cir. 2014) (reversing dismissal under discretionary function exemption of FTCA action against prison official, where the evidentiary record was disputed as to whether a psychologist violated mandatory regulations during intake before releasing prisoner into general population), *and Ashford v. United States*, 511 F.3d 501, 505 (5th Cir. 2007) (reversing summary

judgment where evidence indicated that if an inmate raised a safety concern during an intake interview, prison policy required him to be put in solitary confinement).

In response, Plaintiff identifies several BOP Program Statements that -- although their details are not pled -- may contain some mandatory duties regarding admission of new inmates, psychiatric and/or medical screening, and suicide prevention. *See* ECF No. 20-3, Pl.'s Ex. B (BOP Program Statement P5290.15 regarding "Intake Screening"); 20-4, Pl.'s Ex. C (BOP Program Statement P6340.04 regarding "Psychiatric Services"); 20-5, Pl.'s Ex. D (BOP Program Statement regarding "Suicide Prevention Program"); *see also* 28 C.F.R. §§ 522.20-21 ("Intake Screening" regulations).

But before the court can address whether the BOP had (and failed to complete) mandatory intake duties regarding Tanouye, the Complaint itself fails at a more basic step. That is, even if Plaintiff has identified some BOP Program Statements that might create mandatory duties, the government's Motion has revealed a more fundamental defect -- Plaintiff's Complaint has not pled any facts regarding the discretionary function exemption. The Complaint thus fails to state a claim, or to properly allege subject matter jurisdiction. *See, e.g.*, *Gaubert*, 499 U.S. at 324-25 ("For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of

conduct that can be said to be grounded in the policy of the regulatory regime."); *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992) ("Only after a plaintiff has successfully invoked jurisdiction by a pleading that facially alleges matters not excepted by § 2680 does the burden fall on the government to prove the applicability of a specific provision of § 2680.") (quoting *Carlyle v. Dep't of the Army*, 676 F.2d 554, 556 (6th Cir. 1982)); *Spotts*, 613 F.3d at 568 ("[T]he plaintiffs bear the burden of showing Congress's unequivocal waiver of sovereign immunity. At the motion to dismiss stage, this includes pleading facts that facially allege matters outside of the discretionary function exception.") (citation omitted); *cf. Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) (requiring pleading of a claim that is facially outside the discretionary function exception to liability under the Foreign Sovereign Immunities Act).

Because Plaintiff's Complaint is facially deficient, the court DISMISSES it with leave to amend. Plaintiff may file an amended complaint that alleges specific mandatory duties in BOP regulations or policies that were violated and sets forth specific facts indicating that the BOP's decisions fall outside the discretionary function exception. That is, Plaintiff must file an amended complaint that properly alleges subject matter jurisdiction under the FTCA. *See, e.g.*, *Gaubert*, 499 U.S. at 324-25. And to be clear, Plaintiff may not rely on a theory

that is clearly barred by the discretionary function exception -- that is, Plaintiff may not rely on the BOP discretionary decision where to house Tanouye.

## V. **CONCLUSION**

The court GRANTS Defendant's Motion to Dismiss and/or for Summary Judgment, ECF No. 10.  The dismissal is without prejudice, and with leave to amend.  An amended complaint that states a basis for federal jurisdiction under the FTCA must be filed by November 21, 2016.  If an amended complaint is filed, the government may answer or otherwise respond by December 12, 2016.  If an amended complaint is not filed by November 21, 2016, the court will dismiss the action and close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 28, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Bishop v. United States of America*, Civ. No. 16-00248 JMS-KSC, Order Granting Defendant's Motion to Dismiss and/or for Summary Judgment, with Leave to Amend